UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

TARONTAE D. JACKSON,

                      Plaintiff,

     v.

JARED HANLON, et al.,

                      Defendants.

Case No. 3:23-cv-00243-MMD-CLB

ORDER

      Plaintiff has applied to proceed *in forma pauperis* ("IFP") in this action. (ECF No. 5). On December 5, 2023, the Court issued a screening order permitting one claim to proceed and dismissing the other claim with leave to amend by January 4, 2024. (ECF No. 10). The Court specifically stated that if Plaintiff did not timely file a third amended complaint, then this action would proceed on only the Eighth Amendment claims about use of excessive force against Jared Hanlon, Leo Martinez, Francisco Martinez, and Christopher Paniagua. (*Id.* at 9). And the Court deferred ruling on Plaintiff's IFP application. (*Id.* at 8).

      Plaintiff has filed a motion stating that he will not be filing a third amended complaint, and asks that this action proceed as stated in the screening order. (ECF No. 12). Plaintiff also states that he will not be filing an amended complaint in his other action, which is styled *Jackson v. Stolk*, Case No. 3:23-cv-00247-MMD-CSD. The Court notes that Plaintiff's motion was not filed in his *Stolk* action because Plaintiff did not include that action's case number in the motion's caption. If Plaintiff wants to proceed without filing an amended complaint in his *Stolk* action, then he must file a notice or motion for that relief in the *Stolk* action.

      For the foregoing reasons, **IT IS ORDERED** that:

      1.     Plaintiff's motion to proceed (ECF No. 12) is granted.

      2.     Consistent with the Court's screening order (ECF No. 10), this action will proceed on only the Eighth Amendment claims about use of excessive force against Jared Hanlon, Leo Martinez, Francisco Martinez, and Christopher Paniagua.

3.    Given the nature of the claims that the Court has permitted to proceed, this action is stayed for 90 days to allow Plaintiff and Defendants an opportunity to settle their dispute before the Court will determine whether to grant Plaintiff's IFP application, the $350 filing fee is paid, an answer is filed, or the discovery process begins. During this 90-day stay period and until the Court lifts the stay, no other pleadings or papers may be filed in this case, and the parties will not engage in any discovery, nor are the parties required to respond to any paper filed in violation of the stay unless specifically ordered by the Court to do so. The Court will refer this case to the Court's Inmate Early Mediation Program, and the Court will enter a subsequent order about that matter. Regardless, on or before 90 days from the date this order is entered, the Office of the Attorney General will file the report form attached to this order regarding the results of the 90-day stay, even if a stipulation for dismissal is entered before the end of the 90-day stay. If the parties proceed with this action, the Court will then issue an order about service under Federal Rule of Civil Procedure 4 and setting a date for Defendants to file an answer or other response. Following the filing of an answer, the Court will issue a scheduling order setting discovery and dispositive motion deadlines.

4.    "Settlement" may or may not include payment of money damages. It also may or may not include an agreement to resolve Plaintiff's issues differently. A compromise agreement is one in which neither party is completely satisfied with the result, but both have given something up and both have obtained something in return.

5.    If the case does not settle, then the Court will determine whether to grant Plaintiff's IFP application. Plaintiff will be required to pay the full $350 statutory filing fee for a civil action regardless of whether the Court grants his IFP application. This fee cannot be waived, and the fee cannot be refunded once the Court enters an order granting Plaintiff's IFP application. If Plaintiff is allowed to proceed IFP, the fee will be paid in installments from his prison trust account. *See* 28 U.S.C. § 1915(b). If Plaintiff is not allowed to proceed IFP, the full $350 statutory filing fee for a civil action plus the $52 administrative filing fee, for a total of $402, will be due immediately.

6. If any party seeks to have this case excluded from the inmate mediation program, that party will file a "motion to exclude case from mediation" no later than 21 days before the date set for mediation. The responding party will have 7 days to file a response. No reply will be filed. Thereafter, the Court will issue an order, set the matter for hearing, or both.

7. If Plaintiff needs an interpreter to participate in the mediation program, Plaintiff will file a notice identifying the interpretation language and the need for the interpreter within 30 days from the date of this order.

8. The Clerk of Court will add the Nevada Department of Corrections to the docket as an Interested Party and electronically serve a copy of this order, the screening order (ECF No. 10), and a copy of Plaintiff's second amended complaint (ECF No. 8) on the Office of the Attorney General of the State of Nevada by adding the Attorney General of the State of Nevada to the interested party on the docket. This does not indicate acceptance of service.

9. The Attorney General's Office will advise the Court within 21 days of the date of the entry of this order whether it will enter a limited notice of appearance on behalf of Defendants for the purpose of settlement. No defenses or objections, including lack of service, will be waived because of the filing of the limited notice of appearance.

DATED THIS 13th day of December 2023

_____
UNITED STATES MAGISTRATE JUDGE