UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| TARONTAE D. JACKSON,<br><br>                           Plaintiff,<br><br>   v.<br><br>JARED HANLON,<br><br>                         Defendants. | Case No. 3:23-cv-00243-MMD-CLB<br><br>ORDER |

       This action began with a pro se civil-rights complaint filed under 42 U.S.C. § 1983 by a state prisoner. (ECF No. 1-1). Plaintiff filed an application to proceed *in forma pauperis* ("IFP") for an inmate. (ECF No. 5). And he moves the Court to find and appoint him a free attorney. (ECF No. 14).

       In screening Plaintiff's complaint, the Court deferred ruling on the IFP application. (ECF No. 10). The Court entered subsequent orders imposing a 90-day stay and assigning the parties to mediation by a court-appointed mediator. (ECF Nos. 13, 16). Settlement was not reached at the mediation conference. (ECF No. 20). And Plaintiff has informed the Court that he is no longer incarcerated. (*See* ECF Nos. 17, 18).

       The Court finds that exceptional circumstances warranting the appointment of counsel do not exist here, and Plaintiff's IFP application for an inmate is moot because he is no longer incarcerated. So the Court denies the motion and IFP application, and it grants Plaintiff an extension of time to either file an IFP application for non-inmates or pay the full $402 filing fee.

**I.    DISCUSSION**

       A litigant does not have a constitutional right to appointed counsel in 42 U.S.C. § 1983 civil-rights actions. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). Under 28 U.S.C. § 1915(e)(1), "[t]he court may request an attorney to represent any person unable to afford counsel. But the court will appoint counsel for indigent civil

litigants only in "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). "When determining whether exceptional circumstances exist, a court must consider the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (cleaned up). "Neither of these considerations is dispositive and instead must be viewed together." *Id.*

Plaintiff moves the Court to appoint him a free attorney, arguing that he has pled a colorable Eighth Amendment excessive-force claim. (ECF No. 14). The matters at issue in this action are not complex. Plaintiff has pled a colorable Eighth Amendment excessive-force claim and demonstrated an ability to communicate the basis of his disputes to the court as a pro se litigant. But the Court cannot conclude on this thin record that Plaintiff is likely to succeed on the merits of his claim. The Court does not find that exceptional circumstances meriting the appointment of counsel in this action currently exist. Moreover, Plaintiff's IFP application for an inmate is moot because he is no longer incarcerated.

## II.     CONCLUSION

It is therefore ordered that Plaintiff's application to proceed *in forma pauperis* for an inmate (ECF No. 5) is denied as moot.

It is further ordered that Plaintiff's motion for the appointment of counsel (ECF No. 14) is denied without prejudice.

It is further ordered that Plaintiff has **until March 18, 2024**, to either file a fully complete application to proceed *in forma pauperis* for non-inmates or pay the full $402 filing fee for this civil-rights action.

It is further ordered that the Clerk of the Court will send Plaintiff Tarontae Jackson the approved form application to proceed *in forma pauperis* for non-inmates and the document titled information and instructions for filing an *in forma pauperis* application.

It is further ordered that this action will be subject to dismissal without prejudice if Plaintiff fails to timely comply with this order.

It is further ordered that the matter of service of summons and copies of the complaint under Federal Rule of Civil Procedure 4 is temporarily deferred. The Court will enter an order about service after the matter of payment of the filing fee has been resolved.

Dated this 15th day of February 2024.

_____
UNITED STATES MAGISTRATE JUDGE