UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TARONTAE D. JACKSON,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br>JARED HANLON, *et al.*,<br>　　　　　　　　　　Defendants. | Case 3:23-cv-00243-MMD-CLB<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Plaintiff Tarontae Jackson brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Ely State Prison. (ECF No. 8.) On February 15, 2024, this Court ordered Jackson to file a fully complete application to proceed *in forma pauperis* for non-inmates ("IFP application") or pay the full $402 filing fee on or before March 18, 2024. (ECF No. 21.) Shortly after entry of this order, Jackson filed notice that his address had changed. (ECF No. 22.) The Court thus considered alternatives to dismissal and entered an order setting a second deadline for Jackson to comply—May 1, 2024. (ECF No. 23.) The Court warned Jackson the action could be dismissed if he failed to file a fully complete IFP application for non-inmates or pay the full $402 filing fee for a civil action by the May 1, 2024, deadline. (*Id.* at 2.) That deadline expired, and Jackson has not filed a fully complete IFP application, paid the full $402 filing fee, or otherwise responded to the Court's order. And the Court's mail to Jackson has been returned as undeliverable. (ECF No. 24.)

**II.　DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831

(9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order). In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *See In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone*, 833 F.2d at 130).

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of Jackson's claims. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the Court or prosecuting an action. *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives *before* the party has disobeyed a court order does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986). Because this Court cannot operate without collecting reasonable fees, and litigation cannot progress without a plaintiff's compliance with rules and court orders, the only alternative is to enter a third order setting another deadline. But issuing a third order will only delay the inevitable and further squander the

Court's finite resources because Jackson ignored the second order. And without an updated address, the chance a third order would even reach Jackson is low. The fifth factor thus favors dismissal. Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.

## III. CONCLUSION

It is therefore ordered that this action is dismissed without prejudice based on Plaintiff Tarontae D. Jackson's failure to file a fully complete IFP application or pay the full $402 filing fee in compliance with this Court's February 15 and April 1, 2024 orders.

The Clerk of Court is directed to enter judgment accordingly and close this case. No other documents may be filed in this now-closed case. If Tarontae Jackson wishes to pursue his claims, he must file a complaint in a new case and either pay the required filing fee or apply for pauper status.

DATED THIS 10th Day of May 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE